**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| CHATEAU LAFITTE HOMEOWNER'S ASSOCIATION, INC.; DANA ARCEMENT; LARRY ARCEMENT; JUDY GIGLIO; DOUG REED; LORI ARCEMENT; TRACY ARCEMENT; NICHOLAS CUCCIA; and GREER CUCCIA, | * * * * * * * | |
| Plaintiffs, | * | |
| | * | CASE NO. _____ |
| and ST. BERNARD PARISH GOVERNMENT, | * * | **NOTICE OF REMOVAL** |
| Third-Party Plaintiff, | * * * | |
| vs. | * * | |
| PROVIDENT REALTY ADVISORS, INC.; ABERDEEN COURT, LLC; COVENTRY COURT, LLC; NEW HAVEN COURT, LLC; and WESTFIELD COURT, LLC, | * * * * * | |
| Third-Party Defendants. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

1.      Provident Realty Advisors, Inc. ("Provident"); Aberdeen Court, LLC ("Aberdeen"); Coventry Court, LLC ("Coventry"); New Haven Court, LLC ("New Haven"); and Westfield Court LLC ("Westfield") are Third-Party Defendants in the case *Chateau Lafitte Homeowner's Association, Inc. et al. v. St. Bernard Parish Government*, which was filed as Case No. 117-172-A in the 34th Judicial District Court for the District of St. Bernard, State of Louisiana (hereinafter "Action"). The Third-Party Defendants hereby file this Notice of Removal to the U.S. District Court for the Eastern District of Louisiana. Removal of this Action is proper under 28 U.S.C. §§ 1441(a) and 1443.

**PARTIES**

Plaintiffs

2.       The Plaintiffs in this Action are Chateau Lafitte Homeowner's Association, Inc. ("Chateau Lafitte"); Dana Arcement; Larry Arcement; Judy  Giglio; Doug Reed; Lori Arcement; Tracy Arcement; Nicholas Cuccia; and Greer Cuccia (collectively "individual Plaintiffs").

3.       Plaintiff Chateau Lafitte is a non-profit association organized under the laws of the State of Louisiana and domiciled in Breaux Bridge, Louisiana.

4.       Plaintiffs Dana Arcement, Larry Arcement, Judy Giglio, Doug Reed, Lori Arcement, Tracy Arcement, Nicholas Cuccia, and Greer Cuccia are residents of St. Bernard Parish and are citizens of the State of Louisiana.

Third-Party Plaintiff

5.       The Third-Party Plaintiff St. Bernard Parish Government is a local governmental subdivision located within the Eastern District of Louisiana.  St. Bernard Parish operates under a Home Rule Charter.  St. Bernard Parish is a party to a Consent Order entered by the U.S. District Court for the Eastern District of Louisiana in Case No. 2:06-CV-07185-HGB-SS,[1] through which it agreed not to violate the Fair Housing Act and other civil rights laws.

Third-Party Defendants

6.       The Third-Party Demand filed in the 34th Judicial District Court for the Parish of St. Bernard on April 1, 2011, named as third-party defendants Provident, Aberdeen, Coventry, New Haven, and Westfield.

---

[1] The Consent Order is available as Document No. 114 in related Case No. 2:06-CV-07185-HGB-SS.  It was extended by Court Order, Document No. 459.

7.      Provident is a private corporation, incorporated in the State of Texas.  Its principal place of business is in the State of Texas.  Provident is a party to the matter described above in paragraph 5.

8.      Aberdeen is a Texas limited liability company with its principal place of business in the State of Texas.  The member partners of Aberdeen are Texas entities.

9.      Coventry is a Texas limited liability company with its principal place of business in the State of Texas.  The member partners of Coventry are Texas entities.

10.     New Haven is a Texas limited liability company with its principal place of business in the State of Texas.  The member partners of New Haven are Texas entities.

11.     Westfield is a Texas limited liability company with its principal place of business in the State of Texas.  The members of Westfield are Texas entities.

**DESCRIPTION OF THE STATE COURT ACTION TO BE REMOVED**

12.     On March 3, 2011, the Plaintiffs initiated the Action in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.  The Plaintiffs filed a Petition for Writ of Mandamus and Rule to Show Cause (hereinafter "Petition") against the then-Defendant and now-Third-Party Plaintiff St. Bernard Parish Government.  A true and correct copy of this Petition is attached hereto as Attachment A.

13.     In the Petition, the Plaintiffs alleged that Aberdeen, Coventry, New Haven, and Westfield each holds a building permit for the construction of residential housing developments in St. Bernard Parish.

14.     The Plaintiffs further alleged that the building permits are invalid and that "any action taken by the St. Bernard Parish Government in regards to the four (4) building permits"

was in violation of Parish law.  The Plaintiffs did not name Aberdeen, Coventry, New Haven, Westfield, or Provident as parties to the Action.

15.     Then-Defendant, now Third-Party Plaintiff St. Bernard Parish filed its Answer in state court on March 29, 2011.  A true and correct copy of the Answer is attached hereto as Attachment B.  In the Answer, St. Bernard Parish admitted the Plaintiffs' allegations. Among other things, St. Bernard Parish claimed that the building permits held by Aberdeen, Coventry, New Haven, or Westfield were invalid based on "the zoning ordinance in effect at the time the Parish extended the permits on February 7, 2011."

16.     St. Bernard Parish further alleged that it extended the building permits held by Aberdeen, Coventry, New Haven, and Westfield because of threats from the U.S. Department of Housing and Urban Development that the Parish would lose federal funding if it refused to renew or extend the four building permits.

17.     On March 31, 2011, a hearing on the Plaintiffs' Petition was held before Judge Buckley of the 34th Judicial District Court for the Parish of St. Bernard.  After the hearing, the state court issued an order that states: "IT IS ORDERED, ADJUDGED, and DECREED that a Writ of Mandamus issue herein to the St. Bernard Parish Government is [sic] ordered to set aside and invalidate its decision to grant and/or extend building permits [held by Aberdeen, Coventry, New Haven, and Westfield] to construct a 72 unit multi-family residential unit at each property location."  A true and correct copy of the state court's order is attached hereto as Attachment C. The Third-Party Defendants were not named as parties to and did not appear at the March 31, 2011 hearing in state court.

18.     On April 1, 2011, St. Bernard Parish filed a Third-Party Demand and Petition for Injunctive Relief and Petition for Issuance of a Temporary Restraining Order ("Third-Party

4

Demand") in state court, naming as Third-Party Defendants Provident, Aberdeen, Coventry, New Haven, and Westfield. A true and correct copy of the Third-Party Demand is attached hereto as Attachment D.

19. In the Third-Party Demand, Third-Party Plaintiff St. Bernard Parish alleges that it will suffer "irreparable injury, loss or damage" unless an injunction is issued "prohibiting the building of the four (4) seventy-two unit multi-family residential units . . . collectively referred to as 'the Provident Properties,'" on grounds that the four building permits are not valid.

20. Third-Party Plaintiff St. Bernard Parish requested an *ex parte* temporary restraining order, a hearing on its motion for a preliminary injunction, and a permanent injunction "restraining, enjoining, and prohibiting [the Third-Party Defendants] from continuing with construction of the four (4) seventy-two unit multi-family residential units." St. Bernard Parish further requested "all general and equitable relief as may be awarded in these premises."

21. On April 1, 2011, the state court denied Third-Party Plaintiff St. Bernard Parish's request for an *ex parte* temporary restraining order but ordered the Third-Party Defendants to appear in state court and show cause why the requested preliminary injunction should not issue on April 8, 2011. A true and correct copy of the April 1, 2011 order is attached hereto as Attachment E.

**TIMELINESS OF REMOVAL**

22. This notice of removal is timely filed under 28 U.S.C. § 1446(b). Third-Party Defendants filed this notice of removal within thirty days of their being served with the Third-Party Demand.

**JURISDICTION AND GROUNDS FOR REMOVAL**

28 U.S.C. § 1441(a)

23.    Removal is proper under 28 U.S.C. § 1441(a) because the parties were, as of March 3, 2011, and currently are, citizens of different States and because the amount in controversy exceeds the sum or value of $75,000.  *See* 28 U.S.C. § 1332.

24.    The Third-Party Defendants were, as of March 3, 2011, and currently are, completely diverse from the Plaintiffs and the Third-Party Plaintiff St. Bernard Parish.  Each Third-Party Defendant is a citizen of the State of Texas.  The Plaintiffs and the Third-Party Plaintiff St. Bernard Parish are citizens of the State of Louisiana.

25.    There was, as of March 3, 2011, and is currently, complete diversity between the Third-Party Defendants and the Third-Party Plaintiff St. Bernard Parish, the real parties in interest.

26.    There was, as of March 3, 2011, and is currently, complete diversity because the individual Plaintiffs are nominal parties.

27.    The Court may realign the parties because the interests of the individual Plaintiffs are similar or identical to the interests of the Third-Party Plaintiff St. Bernard Parish, and the interests of the individual Plaintiffs and the Third-Party Plaintiff are adverse to the interests of the Third-Party Defendant Provident.

28.    The amount in controversy exceeds $75,000 based on the value of the relief sought, the right to be protected, and/or the extent of the injury to be prevented.

29.    The value of the four developments exceeds $75,000.  *See* Declaration of Matthew B. Harris.

30.    The cost of the four building permits exceeds $75,000.  *See id.*

31.     The four developments represent economic investment into St. Bernard Parish of approximately $60 million and estimated annual tax revenues of $40,000.  *Greater New Orleans Fair Hous. Action Ctr., et. al. v. St. Bernard Parish, et. al.*, 641 F.Supp.2d 563, 574 (E.D. La. 2009).

32.     The amount of attorneys' fees that may be recoverable by the prevailing party or parties to the action will exceed $75,000.

33.     The individual Plaintiffs claim that construction of the four properties has resulted in an alleged loss in property value of approximately $80,000.

28 U.S.C. § 1443

34.     Removal is proper under 28 U.S.C. § 1443 because the Third-Party Defendants will be denied and/or unable to enforce their rights under the federal Fair Housing Act in state court.

35.     Third-Party Defendants have claims and defenses based on the federal Fair Housing Act.  This federal law provides for specific civil rights based on race and color, in addition to religion, sex, familial status, national origin, and disability.

36.     The Third-Party Defendants will be denied and/or unable to enforce their rights under the federal Fair Housing Act in the state court proceedings because the proceedings themselves constitute unlawful housing discrimination and retaliation for exercising rights under the Fair Housing Act.  42 U.S.C. §§ 3604, 3617.

### JOINDER NOT NECESSARY

37.     The Third-Party Defendants do not have any co-defendants.  Joinder is therefore unnecessary.

**VENUE**

38.     This Notice of Removal is properly filed in this District because the 34th Judicial District Court for the Parish of St. Bernard, Louisiana, is located within the federal Eastern District of Louisiana.  Venue for this Notice is therefore proper under 28 U.S.C. §§ 98 and 1446 because the events giving rise to this action have occurred in St. Bernard Parish, which is within this federal judicial district.

**CONCLUSION**

39.     WHEREFORE, the Third-Party Defendants pray that this Civil Action be removed from the 34th Judicial District Court for the Parish of St. Bernard, Louisiana to the U.S. District Court for the Eastern District of Louisiana.

40.     In compliance with 28 U.S.C. § 1446(a), attached are copies of the state court pleadings, service, and orders in this Action, attached as attachments A, B, C, D, E, F, G, H, and I.

41.     A notice of filing of this Notice of Removal will be filed with the Clerk of the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.

42.     Written notice of the filing of this Notice of Removal is hereby given to the Plaintiffs and the Third-Party Plaintiff.

Dated: April 6, 2011

Respectfully submitted,

/s/ Morgan Williams

Morgan Williams (LA Bar No. 31564)
GREATER NEW ORLEANS FAIR
HOUSING ACTION CENTER, INC.
404 S. Jeff Davis Pkwy
New Orleans, LA 70119
(504) 596-2100
mwilliams@gnofairhousing.org

John P. Relman (*pro hac vice* admission to be sought)
Katherine A. Gillespie (*pro hac vice* admission to be sought)
Jamie L. Crook (*pro hac vice* admission to be sought)
RELMAN, DANE & COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
(202) 728-1888
jrelman@relmanlaw.com
kgillespie@relmanlaw.com
jcrook@relmanlaw.com

Dennis L. Roossien, Jr. (*pro hac vice* admission to be sought)
Robert Voelker (*pro hac vice* admission to be sought)
MUNSCH HARDT KOPF & HARR P.C.
3800 Lincoln Plaza
500 North Akard
Dallas, TX 75201
(214) 855-7535
droossien@munsch.com
rvoelker@munsch.com

*Counsel for Third-Party Defendants*