UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHATEAU LAFITTE HOMEOWNER'S ASSOCIATION, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-737-HGB-SS** |
| **ST. BERNARD PARISH GOVERNMENT, et al** | |

**ORDER**

THIRD PARTY DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT (Rec. doc. 15)

**GRANTED**

The background of this controversy may be found in the Notice by Provident Realty Advisors, Inc., Aberdeen Court LLC, Coventry Court LLC, New Haven Court LLC, and Westfield Court LLC (collectively referred to as "Provident") of Removal (Rec. doc. 1) and the memorandum by the St. Bernard Parish Government ("St. Bernard") in support of its motion to remand (Rec. doc. 24). Before the removal of the action, St. Bernard filed a third party demand, petition for injunctive relief, and issuance of temporary restraining order against Provident. After the identification of the parties and statements of jurisdiction and venue, St. Bernard alleged that: (1) it will suffer irreparable injury from the construction of four multi-family residential properties because they do not have valid building permits; (2) Provident is constructing the four properties; (3) the state court issued a March 31, 2011 order requiring St. Bernard to set aside Provident's permits because: (a) they were extended in violation of parish law; and (b) they are not permitted by the Comprehensive Zoning Ordinance; (4) St. Bernard served notice of the March 31, 2011 order and rescission of the permits; (5) Provident did not cease construction; and (6) injunctive relief was sought to prevent Provident from continuing with the construction of the properties. Rec. doc. 1 (Attachment).

Provident contends that the third party demand does not provide it with adequate notice of the claim St. Bernard is attempting to assert against it. It urges that the demand does not identify any theory, rule, or law under which Provident could be found liable to St. Bernard for the underlying claim brought by the plaintiffs. Pursuant to Fed. R. Civ. P. 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty <u>who is or may be liable to it for all or part of the claim against it</u>." <u>Id.</u> (emphasis added). Provident contends that St. Bernard should be ordered to provide a more definite statement of its claim. Fed. R. Civ. P. 12(e).

St. Bernard responds that: (1) the third party demand specifies the grounds for and the relief sought; (2) a copy of the state court order was attached to the third party demand; and (3) Provident is aware of the International Building Code at issue. Rec. doc. 23.

The plaintiffs' petition alleges the invalidity of the permits issued to Provident. It requests the issuance of a writ of mandamus directing St. Bernard to set aside its decision to grant and/or extend the permits. It requests an order staying the use and operation of the permits. It seeks only relief against St. Bernard. Rec. doc. 1 (Attachment). The third party demand does not provide a short and plain statement of how Provident is or may be liable to St. Bernard for all or part of the plaintiffs' claim against St. Bernard.

IT IS ORDERED that: (1) Provident's motion for a more definite statement (Rec. doc. 15) is GRANTED; and (2) **within fourteen (14) calendar days of the entry of this order**, St. Bernard shall file an amended third party demand.

New Orleans, Louisiana, this 10th day of May, 2011.

        SALLY SHUSHAN
**United States Magistrate Judge**