UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHATEAU LAFITTE HOMEOWNER'S ASSOCIATION, INC., ET AL | CIVIL ACTION |
| VERSUS | NO: 11-737 |
| ST. BERNARD PARISH, ET AL | SECTION: "C" (1) |

**ORDER**

Before the Court is Third-Party Plaintiff, St. Bernard Parish Government's, Motion to Remand. (Rec. Doc. 24). Third-Party Defendants, Provident Realty Advisors, Inc.; Coventry Court, LLC; New Haven Court, LLC; Aberdeen Court LLC; and Westfield Court, LLC, oppose the motion. (Rec. Doc. 40). Having reviewed the record, memoranda of counsel, and the applicable law, Third-Party Plaintiff's Motion to Remand is DENIED for the following reasons.

**I. Background**

On March 3, 2011 Plaintiffs[1] filed this suit in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana. (Rec. Doc. 1-1 at 2). The St. Bernard Parish Government ("the Parish") was named as Defendant. *Id.* Plaintiffs' only demand was for an order requiring the Parish to set aside its decision to reissue or extend building permits No. 29041-09, 29042-09, 29043-09, and 29044-09. *Id.* at 4. Those permits were first issued on October 1, 2009 and authorized the construction of multi-family residential buildings on four separate sites. *Id.* at 2-3. Those permits were valid for a period of six months. *Id.* at 7-10. Plaintiffs argued that since no construction had commenced within six months of the issuance of the permits, then those permits became invalid.

---

[1] Plaintiffs in this case are Chateau Lafitte Homeowner's Association, Inc., Dana Arcement, Larry Arcement, Judy Giglio, Doug Reed, Lori Arcement, Tracey Arcement, Nicholas Cuccia and Greer Cuccia. (Rec. Doc. 1-1 at 2). Chateau Lafitte Homeowner's Association, Inc. is a non-profit association organized under the laws of the State of Louisiana and domiciled in Breaux Bridge, Louisiana. (Rec. Doc. 1 at 2). The remaining Plaintiffs are all individuals domiciled in the Parish of St. Bernard, Louisiana. (Rec. Doc. 1-1 at 2).

*Id.* at 4. Consequently, Plaintiffs argued that the Parish's decision to grant or extend the invalid building permits was in violation of the Parish's own building code. *Id.* On March 29, 2011 the Parish filed its Answer where it admitted that it had extended the permits on February 7, 2011 and further admitted that it had violated its own building code by granting that extension. (Rec. Doc. 1-2 at 3). On March 31, 2011 the 34th District Court for the Parish of St. Bernard, State of Louisiana, held a hearing on the case. (Rec. Doc. 40-1). During that hearing Parish President Craig Taffaro testified that he believed the Parish had violated the building code by extending the permits. *Id.* at 51. Neither party challenged this testimony. *Id.* The court subsequently issued a judgment in favor of Plaintiffs and ordered the Parish to set aside its decision to extend the challenged building permits. (Rec. Doc. 1-3 at 2).

On April 1, 2011 the Parish filed a Third Party Demand against Provident Realty Advisors, Inc.; Coventry Court, LLC; New Haven Court, LLC; Aberdeen Court LLC; and Westfield Court, LLC. (Rec. Doc. 1-6 at 3). The Parish sought an injunction preventing Third-Party Defendants from continuing construction operations without lawful building permits. *Id.* at 4. Specifically, the Parish alleged that Third-Party Defendants had not ceased construction despite the state court's order requiring the Parish to set aside its decision to extend the permits. *Id.*

On April 6, 2011 Third-Party Defendants removed the case to this Court. (Rec. Doc. 1). Third-Party Defendants argue that removal was proper under both 28 U.S.C. §§ 1441(a) and 1443. *Id.* at 1. The Parish filed the present motion to remand, arguing that Third-Party Defendants improperly removed the case to this Court. (Rec. Doc. 24). First, the Parish argues that under *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), and *In re Crystal Power Co*, 641 F.3d 78 (5th Cir. 2011), Third-Party Defendants are not true "defendants" and are therefore are unable to remove the case under §§ 1441(a) or 1443. (Rec. Doc. 24 at 4). Second, the Parish argues that

2

there is not complete diversity between the parties as the parties to the original state court petition are non-diverse and realigning the parties based on the Third-Party Demand is not permitted. *Id.* at 7-12. Third, the Parish argues that Third-Party Defendants are not entitled to remove the case under § 1443 because allegations of Fair Housing Act claims are insufficient and because the Notice of Removal fails to establish that Third-Party Defendants cannot enforce their rights in state court. *Id.* at 13-17.

## II. Law and Analysis

The defendant in any state court civil action may remove the action to federal court, provided the federal court has original jurisdiction. 28 U.S.C. § 1441 (2006). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). To determine whether jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The Court is mindful that the removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp., v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).

Here the Parish argues that because Third-Party Defendants are not true "defendants," then they were not entitled to remove this case from state court under either 28 U.S.C. §§ 1441 or 1443. (Rec. Doc. 24 at 4). In support of this argument the Parish relies on *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), and *In re Crystal Power Co.*, 641 F.3d 78 (5th Cir. 2011). In *Shamrock Oil* the Supreme Court held that "removal of a cause from a state to a federal court could be effected under [the removal statute] only by a defendant against whom the suit is brought by process served upon him." 313 U.S. at 106 (citing *West v. Aurora City*, 6 Wall. 139, 18 L.Ed. 819). In that

3

particular case the Supreme Court held that a state court plaintiff who was also a counterclaim defendant, was not entitled to removal under the federal removal statute. *Id.* This reasoning was extended by the Fifth Circuit to include a cross-claim defendant who was also an intervening plaintiff. *In re Crystal Power Co.*, 641 F.3d 78, 81 (5th Cir. 2011) (*opinion withdrawn and superseded on rehearing on other grounds by In re Crystal Power Co.*, 641 F.3d 82 (5th Cir. 2011)). Specifically the Fifth Circuit held that:

> "The controlling legal principle from *Shamrock* is that 'the plaintiff, having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction.' If the McFall firm wished for a federal forum, it was required to pursue a separate action in federal court. Having chosen to intervene as a plaintiff in state court, the firm forfeited its right to removal." *Id.* (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941).

The Court finds that neither *Shamrock* nor *In re Crystal Power Co.* support the proposition that Third-Party Defendants are not entitled to removal. Both of those cases involved plaintiffs who attempted to remove a case after they had been made defendants to cross or counterclaims. As a result, neither of those parties were "defendant[s] against whom the suit [was] brought by process served upon him." *Shamrock*, 313 U.S. at 106. By contrast, Third-Party Defendants had not chosen to intervene in this action, but rather they were brought into this suit "by process served upon him." In this respect the Fifth Circuit has long recognized a distinction between third-party defendants and cross or counter defendants. *See, e.g.*, *In re Crystal Power Co.*, 641 F.3d at 81 n.14 ("This principle distinguishes the case of an intervening plaintiff seeking removal based on a cross-claim from removal by a third-party defendant that has not voluntarily submitted itself to state jurisdiction."); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 n.22 (5th Cir. 1998) ("While a third-party defendant may remove a case to federal court based on the third-party claim, a defendant/third-party plaintiff may not."); *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*,

622 F.2d 133, 135-36 (5th Cir. 1980) (permitting removal by a third-party defendant under 28 U.S.C. § 1441(c)); *Central of Georgia. Ry. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir.1970) (holding that third-party defendants are defendants within the terms of 28 U.S.C. § 1441). Therefore the Court finds that Third-Party Defendants may invoke removal under 28 U.S.C. §§ 1441 and 1443, provided they satisfy the other requirements of those statutes.

**28 U.S.C. § 1441(a)**

Third-Party Defendants assert that this Court has removal jurisdiction over this case pursuant to 28 U.S.C. § 1441(a). (Rec. Doc. 1 at 1). That statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

Third-Party Defendants argue that this Court has original jurisdiction over this matter because the adverse parties to this action are citizens of different states and because the amount in controversy exceeds $75,000. (Rec. Doc. 1 at 6). District courts do have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). The Parish points out that in this case the parties are not completely diverse, as Plaintiffs are all citizens of Louisiana, and the Parish, which is the named Defendant, is also a citizen of Louisiana. (Rec. Doc. 24-1 at 8). Third-Party Defendants argue that if the parties are properly realigned according to their actual interests in the litigation, then complete diversity would exist, as Plaintiffs and the Parish have the same interests and are diverse from Third-Party Defendants,

5

which are all citizens of Texas.  (Rec. Doc. 1 at 6).

Under *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173 (5th Cir. 1984), a district court is "not bound by the way plaintiff formally aligns the parties in his original pleading." *Id.* at 1177.  "It is the court's duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* at 1178 (internal quotations omitted).  Parties are properly aligned when "the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Id.*

The Parish argues that when considering whether the parties are properly aligned, the Court may only consider Plaintiffs' principle purpose for filing suit and may not consider cross-claims or counterclaims.  (Rec. Doc. 24-1 at 10) (citing *Zurn Industries, Inc. v. Acton Construction Co., Inc.*, 847 F.2d 234, 237 (5th Cir. 1988).  The Court finds the Parish's reliance on *Zurn* misplaced.  Unlike *Zurn*, the present case does not involve cross-claims or counterclaims, but rather a Third-Party Demand filed by the Parish as Third-Party Plaintiff.  Moreover, that case was very complex, with pending cross and counterclaims, whereas this case is relatively simple and a judgment has already been issued on the main demand.  Finally, that case turned on the fact that there was a bona fide dispute between the plaintiff and defendant, while in this case there is a substantial question of whether there was ever a genuine dispute between Plaintiffs and the Parish.  Plaintiffs only demanded an order invalidating Third-Party Defendants' building permits and thus stopping construction of various multi-unit family units in the Parish. (Rec. Doc. 1-1 at 4).  In a parallel case, this Court was informed that the Parish sought to invalidate those same permits *before* this action was even filed in state court.  (Civ. Act. No. 06-7185; Rec. Doc. 460-2 at 4; Rec. Doc. 460-3 at 1).  The Parish even issued cease and desist orders on all of Third-Party Defendants' sites on the same day that this lawsuit was filed.  (Civ. Act. No. 06-7185; Rec. Doc. 468-1 at 2-5).

The Court finds that the real parties to the present controversy are the Parish and Plaintiffs

on one side and Third-Party Defendants on the other. Plaintiffs' main purpose in filing this litigation was to obtain an order "stopping all construction" on Third-Party Defendants' construction sites. (Rec. Doc. 1-1 at 4). Likewise, the Parish's main purpose in filing its Third-Party Demand was to obtain an injunction stopping all construction on those same construction sites. (Rec. Doc. 1-4). Therefore, the Parish and Plaintiffs have the same "ultimate interests" in the outcome of this litigation. As such, realignment of the parties is appropriate, with the Parish now aligned with Plaintiffs.

Having realigned the parties, the Court finds that diversity jurisdiction existed at the time of removal. Plaintiffs are all citizens of Louisiana. (Rec. Doc. 1-1 at 2). No Third-Party Defendant is a citizen of Louisiana.[2] Furthermore, the Court is satisfied that the minimum amount in controversy has been met, as the value of the disputed building permits exceeds $75,000. (Rec. Doc. 1-10 at 5-12). As a result, this Court finds that it has diversity jurisdiction over the present case and therefore remand is inappropriate.

### III. Conclusion

Accordingly,

IT IS ORDERED that Third-Party Plaintiff's Motion to Remand is DENIED. (Rec. Doc. 24).

New Orleans, Louisiana, this 27th day of July, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] While the Parish argues that Third-Party Defendants have not properly established their citizenship, the Third-Party Defendants have supplied ample evidence establishing that none of them are citizens of Louisiana. (Rec. Doc. 40-2); (Rec. Doc. 46-1).

7