# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO:  11-737 c/w 11-858-HGB-SS** |
| **ST. BERNARD PARISH, et al**<br>*Applies to: 11-858* | |

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of plaintiffs, Greater New Orleans Fair Housing Action Center ("GNO") and Provident Reality Advisors, Inc. ("Provident"), for an award of attorneys' fees of $840,911.39 and costs of $34,612.72. 11-737 - Rec. doc. 233 and 257.[1]  For the reasons described below it is recommended that they be awarded fees of $762,885.00 and costs of $34,612.72.

## BACKGROUND

A.    **06-7185 - Consent Decree**.

On October 3, 2006, GNO and Wallace Rodrigue filed suit against St. Bernard Parish and St. Bernard Parish Council alleging that the blood relative ordinance was enacted with the intent and effect of discriminating against minorities. 06-7185 - Rec. doc. 1.  On February 27, 2008, the parties agreed to a consent order with a provision for attorneys' fees and costs. Id. - Rec. doc. 114. Attorneys' fees and costs of $123,771.92. were awarded. Id. - Rec. doc. 122.

On December 18, 2008, GNO and the intervenor, Provident, sought to enforce the consent

---

[1] On November 20, 2012, the plaintiffs submitted a motion for an award of $792,185.57 in attorneys' fees and $34,612.72 in costs. 11-737 - Rec. doc. 233.  In their August 23, 2013 supplemental memorandum, the plaintiffs requested attorneys' fees of $840,911.39.  Part of the increase was for inclusion of time spent on the preparation of the November 20, 2012 motion. Id. - Rec. doc. 257 at 5-6.  There was no change in the amount sought for costs.

decree. Id. - Rec. doc. 126.  On July 22, 2009, August 17, 2009 and September 11, 2011, the District Judge granted the motions of Provident and GNO for sanctions and/or contempt.  Id. - Rec. docs. 271, 300 and 333.  Attorneys' fees and costs of $1,219,881.00 were awarded.  Id. - Rec. doc. 394.

On January 14, 2011, GNO and Provident filed a motion for contempt because of the enactment of a Comprehensive Zoning Ordinance.  Id. - Rec. doc. 416.  There were further orders finding the defendants in contempt.  Id. - Rec. docs. 813 (October 17, 2011) and 833 (October 24, 2011).  Attorneys' fees, costs and damages totaling $763,903.99 were awarded.  Id. - Rec. docs. 1009 and 1027.

On January 17, 2013, GNO and Provident filed a motion to recover the attorneys' fees and costs incurred by them in litigating the award of $763,903.99.  Id. - Rec. doc. 1029.  They were awarded $148,344.47 in fees and costs.  Id. - Rec. doc. 1047.

**B.      11-737 - Homeowner's Association.**

On March 3, 2011, the Chateau Lafitte Homeowner's Association, Inc. and others filed a petition in state court against the St. Bernard Parish Government to require it to vacate its decision to grant and extend the building permit issued to Provident.  11-737 - Rec. doc. 1 (Attachment).  The petition was removed to federal court.  Plaintiffs' motion for summary judgment was granted.  The action was dismissed with prejudice, and a judgment was entered.  Id. - Rec. docs. 213-214.

**C.      11-858 - Fair Housing Action.**

On April 14, 2011, the plaintiffs filed a complaint against St. Bernard Parish; St. Bernard Parish Council; Craig Taffaro, president of St. Bernard Parish; Wayne Landry, a member of St. Bernard Parish Council; and Ray Lauga, a member of St. Bernard Parish Council.  The plaintiffs sought relief under the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617, and the 2008 Consent Decree

2

in 06-7185.  11-858 - Rec. doc. 1.  That action was consolidated with 11-737.  Id. - Rec. doc. 35.

The plaintiffs' motion for summary judgment was granted on three of their four causes of action.  The judgment states:

> [I]n C.A. 11-0858, plaintiffs . . . are entitled to their reasonable attorneys' fees and costs under the Fair Housing Act . . ., and as a compensatory sanction for defendants St. Bernard Parish and St. Bernard Parish Council contempt.  The determination of the <u>amount</u> of attorneys' fees and costs to be awarded is referred to the Magistrate Judge.

11-737 - Rec. doc. 245 (emphasis added and citations omitted).

**D.    <u>November 2012 Motion for Fees</u>.**

On November 20, 2012, plaintiffs filed a motion for attorneys' fees and costs in the Fair Housing Action.  Id. - Rec. doc. 233.  Defendants opposed the motion and plaintiffs replied.  Id. - Rec. docs. 242 and 244.

The Court was unable to determine the reasonableness of the fees sought by plaintiffs from the parties' submissions.  Plaintiffs were ordered to resubmit their application for fees.  The order provides:

> The submission will be combined for all timekeepers for the two firms representing Provident and the lawyers for GNO.  The entries will be grouped by days rather than timekeepers or firms.  For example, if time is sought for several timekeepers on March 4, 2011, it will include:  (1) an entry for each of these timekeepers: (2) a description of the "directly relevant activity" and no other activity; and (3) the time sought for that activity without reference to the time submitted in a prior fee application.

11-737 - Rec. doc. 248 at 6.

Plaintiffs submitted a sample submission for review.  Id. - Rec. doc. 249.  Over the objection of defendants, the Court ruled that the format of the sample was satisfactory.  Id. - Rec. docs. 250 and 254.  The parties submitted an additional round of briefs.  Id. - Rec. docs. 257-259.  Plaintiffs

revised the total sought to $840,911.39.  <u>Id</u>. - Rec. doc. 257 at 13.

<u>**ANALYSIS**</u>

A.      <u>*Res Judicata*</u>

Defendants argue that plaintiffs are barred from seeking attorneys' fees because:

1.      Plaintiffs' entitlement to attorney's fees as prevailing parties and/or as sanctions for contempt in 06-7185 either was raised directly in their motions for contempt or should have been raised in that action.  *Res judicata* bars plaintiffs from relitigating all such issues in this case.

2.      Plaintiffs' claims in the Fair Housing Action were raised or could have been raised in 06-7185.

3.      Plaintiffs are not entitled to recover fees and costs as prevailing parties in the Fair Housing Action because the action became unnecessary once the District Judge determined that it retained jurisdiction over 06-7185 and continued to address plaintiffs' issues relating to the construction of the projects solely in that action.[2]

Defendants contend that these defenses were not waived, because they were raised as soon as the judgment supporting them became final.  11-737 - Rec. doc. 258 at 2-6.

Plaintiffs respond that:  (1) defendants waived the *res judicata* defense (<u>Id</u>. - Rec. doc. 259 at 1-3); and (2) defendants' argument that plaintiffs had to bring any contempt claims in 06-7185 instead of the Fair Housing Action is without merit (<u>Id</u>. - Rec. doc. 259 at 3, n. 4).

The issues raised by defendants are not before the Court.  The plaintiffs' entitlement to

---

[2] On May 19, 2011, the District Judge ruled that there was jurisdiction to hear the pending motions for contempt.  06-7185 - Rec. doc. 568.

attorneys' fees has been resolved by the District Judge.   The order of referral provides that "[p]laintiffs are entitled to reasonable attorneys' fees and costs under the Fair Housing Act, 42 U.S.C. § 3613(c)(2), and as a compensatory sanction for Defendants' contempt." 11-737 - Rec. doc. 213 at 2 (emphasis added).  The January 2, 2013 judgment is similar.  Id. - Rec. doc. 245 (emphasis added).  The issue before the Court is limited to the amount of attorneys' fees and costs.

**B.     Lodestar**

The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the "lodestar."  Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996).  The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate.  Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 1939-40 (1983).  In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by plaintiffs' attorneys.  Id.  The district court must eliminate excessive or duplicative time.  Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993).  Next, the court must value the service according to the customary fee and quality of the legal work.  Scham v. District Courts Trying Criminal Cases, 148 F.3d 554, 558 (5th Cir. 1998).  The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974).

1.      <u>**Nature and extent of the services**</u>.

In February 2011, plaintiffs were concerned with construction issues.[3]

In March 2011, attention shifted to the response to the Chateau Lafitte state court action. Plaintiffs began preparing the Fair Housing Act complaint.  Attachment 2 at 2-12.

In April 2011, the Chateau Lafitte state court action was removed and the Fair Housing Act complaint was filed.  Plaintiffs considered a request for appointment of a special master.  On April 27, 2011, there was a status conference.  Attachment 2 at 12-29.

In May 2011, the Fair Housing Act defendants moved to dismiss the complaint.  A first amended complaint was filed.  Plaintiffs moved to enforce the District Judge's orders of March 4 and April 29, 2011.  An evidentiary hearing was set for June 2, 2013. Attachment 2 at 29-42.  On June 2-3, 2011, there was an evidentiary hearing and the motion to enforce orders was granted (06-7185 - Rec. doc. 598).

Plaintiffs worked on construction issues.  They filed an emergency motion to enforce a June 20, 2011 order.  There was an evidentiary hearing on June 30, 2011.  The emergency motion was granted in part (<u>Id</u>. - Rec. doc. 648).  Attachment 2 at 42-61.

In July and August 2011, there were construction issues, including those associated with the Court appointed expert, Dr. Lamanna.  There was a hearing before the District Judge on August 17, 2013.  Attachment 2 at 61-84.

In September 2011, plaintiffs moved to strike defendants' jury demand.  The motion was

---

[3]  Plaintiffs' supplemental submission is Attachment 1 to 11-737 - Rec. doc. 257.  Defendants' opposition took issue with the supplemental submission.  11-737 - Rec. doc. 258.  Plaintiffs' reply includes a further spreadsheet which includes the information on Attachment 1 to 11-737 - Rec. doc. 257, in addition to a response to defendants' opposition.  <u>See</u> cover page to Attachment 2 to 11-737 - Rec. doc. 259.  Hereafter this Attachment 2 is cited as "Attachment 2 at ___."

granted (11-737 - Rec. doc. 89).  Construction issues were addressed.  Attachment 2 at 84-94.

In October 2011, plaintiffs responded to Dr. Lamanna's reports.  Issues concerning construction and the certificates of occupancy were addressed.  Plaintiffs moved to schedule resolution of all remaining construction issues.  Attachment 2 at 94-105.

In November 2011, the activity concerned construction issues and matters requiring resolution prior to the issuance of the certificates of occupancy.  The motion for entry of a schedule was granted (06-7185 - Rec. doc. 856).  Defendants' motion for reconsideration was denied in part.  Plaintiffs filed a motion for release of electrical meters.  There was an evidentiary hearing on November 22, 2011.  The motion for release of electrical meters was partially granted (06-7185 - Rec. doc. 896).  Attachment 2 at 106-120.

In December 2011, the activity concerned construction issues and issuance of the occupancy certificates.  On December 22, 2011, there was a hearing on the occupancy certificates.  The District Judge ordered their issuance by December 23 at 10:00 a.m. or be fined $50,000 per day of noncompliance (06-7185 - Rec. doc. 941).  Attachment 2 at 120-130.

In January, February and March 2012, there was work on damage issues and settlement. Attachment 2 at 131-140.

In April and May, 2012, there was work on the motion for summary judgment and settlement.  Attachment 2 at 140-146.

In June and July, 2012, there was work on the motion for summary judgment.  It was filed on July 16, 2012 (11-737 - Rec. doc. 160).  Attachment 2 at 147-152.

In August, 2012, counsel worked on discovery issues and a reply to defendants' opposition to the motion for summary judgment.  Attachment 2 at 152-160.

7

In September and October, 2012, there was work on discovery issues and trial preparation. After the motion for summary judgement was granted (11–737 - Rec. doc. 213), plaintiffs worked on the motion for attorneys' fees.  Attachment 2 at 160-168.

In November 2012, the motion for attorneys' fees was completed and filed on November 20 (CA 11-737 - Rec. doc. 233).  No fees are sought for time after its filing.  Attachment 2 at 168-173.

Defendants argue that plaintiffs should not be awarded fees for construction related disputes that commonly arise in large scale construction projects that were addressed under the procedures established by the District Judge.  Defendants ignore that this was a time sensitive project.  It was essential that Provident obtain the occupancy certificates by December 31, 2012.  Because of defendants' repeated efforts to delay the project, the time issue had become acute.  It was not a normal large scale construction project.  It became necessary for the District Judge to appoint Dr. Lamanna, a construction expert, to resolve issues in a timely manner.

The extraordinary nature of the project is demonstrated by the District Judge's December 22, 2011 order requiring defendants to issue the occupancy certificates by noon on December 23, 2011. Because of the conduct of the defendants, a simple order requiring them to issue the certificates was not enough.  To ensure compliance with the order, the District Judge ordered a fine of $50,000 per day for noncompliance.  06-7185 - Rec. doc. 941.

While there are some issues with plaintiffs' fee request, as discussed below, the magnitude of plaintiffs' fee request is directly attributable to the obstructionist's tactics of defendants.

**2.**     **Number of hours reasonably expended**.

The hours sought by plaintiffs are:

**The Relman Firm**

| <u>Name</u> | <u>Position</u> | <u>Hours</u> |
|---|---|---|
| Relman | Partner - Attorney | 270.30 |
| Gillespie | Associate - Attorney | 324.50 |
| Cobb | Associate - Attorney | 50.75 |
| Crook | Associate - Attorney | 807.85 |
| Cochran | Fellow - Attorney | 196.0 |
| Pagnucco | Fellow - Attorney | 17.90 |
| Holzman | Summer Clerk | 19.60 |
| Hill | Paralegal | 199.60 |
| Levenson | Paralegal | 145.90 |
| Solorzano | Paralegal | 253.40 |
| Wilkinson | Paralegal | 87.90 |

**Munsch Hardt Firm**

| | | |
|---|---|---|
| Roossien | Shareholder - Attorney | 81.00 |
| Voelker | Shareholder - Attorney | 21.20 |
| Moore | Shareholder - Attorney | 23.80 |
| DeVoss | Sr. Associate - Attorney | 282.00 |
| Theriot | Attorney | 18.60 |

**GNO**

| | | |
|---|---|---|
| Williams | Attorney | 22.00 |
| Bryant | Attorney | 14.50 |

Defendants contend that plaintiffs failed to eliminate 379.35 hours that were for matters outside the scope of the referral and for unsuccessful and administrative matters.  See 11-737 - Rec. doc. 258 at 8 (Exhibit 2).  For example, defendants cite: 58 hours for work subject to a prior award of fees; time spent by paralegals to manage pleadings; and time for more than two attorneys to attend hearings in June and December 2011.  Id. - Rec. doc. 258 at 8.

Defendants contend that plaintiffs' supplemental application contains numerous charges for excessive and duplicative time.  For example, they urge that:  (1) pleadings were reviewed multiple times by two or more lawyers and then further reviewed, proofread and cite checked by more than one paralegal; and (2) the Relman firm duplicated the efforts of the Munsch Hardt firm on construction issues.  They contend that numerous entries do not contain sufficient detail.

Defendants also argue that numerous discrepancies and inaccuracies in the supplemental application undermine the integrity of plaintiffs' fee application.  Rec. doc. 258 at 13-14.

Plaintiffs respond that defendants ignore plaintiffs' exercise of substantial billing judgment. For example, they contend that the Munsch Hardt firm eliminated:  (1) time billed by non-primary timekeepers; (2) time billed by primary timekeepers on tasks not directly relevant to the litigation; and (3) time billed by DeVoss for reporting developments to Roossien.  After that time was eliminated, the Munsch Hardt firm applied a further 15% across-the-board cut.  Rec. doc. 259 at 3-4.

Plaintiffs further reply that it was reasonable for the work to be divided among the Relman firm, the Munsch Hardt firm and GNO.  They urge that the District Judge compressed the time available for preparation for the June 2-3, 2011 hearing and changed the scope of the hearing on

short notice.[4]  Accordingly, it was reasonable for the plaintiffs to have four lawyers present for the hearing.

Plaintiffs contend that all time was reasonably expended to achieve the results, including time related to issues that were not put before the Court or on which they did not obtain a favorable ruling.

They urge that the requested paralegal time is reasonable and that the time spent on the preparation of the motion for fees is justified.

        a.      <u>The Relman Firm</u>.

            1.      <u>Partner</u>.

John Relman is the senior partner at the Relman firm.  He was responsible for the outcome of the litigation.  He supervised the work of the associates and others working on the case.  He was the lead attorney at the evidentiary hearings in June, November and December 2011.  As discussed below, adjustments are made for the associates and others to account for duplication of work.  Also as discussed below, the plaintiffs exercised billing judgment <u>before</u> determining the amount sought in their supplemental submissions.  The undersigned's review of the entries for John Relman demonstrates that they were reasonably expended on the litigation.

---

[4]  On May 31, 2011, the District Judge ordered that:

[T]he June 2, 2011 evidentiary hearing will only encompass the recently filed matters raised in Plaintiffs' most recent motion for contempt as well as Defendants' motion for a cease and desist order. (Rec. Docs. 547 & 576). At this hearing <u>the Court expects to hear testimony from all individuals involved with the contested inspections and construction issues</u>, including, but not limited to, Mary Chimento, Hillary Nunez, Rick Stierwald, Ken Jones and Craig Taffaro.

CA 06-7185 - Rec. doc. 583.

     2.    <u>Associates</u>.

Three of the Relman firm timekeepers are described as associates: Katherine Gillespie, Jia Cobb and Jamie Crook.

The entries for Gillespie begin on March 6 and end on September 10, 2011. Attachment 2 at 3-89. Gillespie supervised some of Crook's work. For example, on March 6, Gillespie reviewed a research memorandum prepared by Crook the day before. Attachment at 3. Gillespie attended the June 2-3 and June 30 evidentiary hearings in New Orleans. Some entries for Gillespie and Crook demonstrate duplication of effort. Examples are: (1) March 15-17, where Crook and Gillespie both worked on the complaint (Attachment at 7-8); and (2) April 1-3, where Crook and Gillespie both drafted a motion to enjoin state court proceeding (Attachment at 12-13). There are instances where the activities of Crook, Gillespie and Relman are redundant. Examples are: (1) April 3 - Crook (draft motion to enjoin state court proceeding), Gillespie (edit motion to enjoin state court proceeding), and Relman (review and edit motion) (Attachment at 13); and (2) August 12 - Crook (draft letter to counsel for defendants concerning construction issues), Gillespie (revise letter to counsel for defendants regarding construction issues, and Relman (review letter to counsel for defendants concerning construction issues) (Attachment at 77). Because the billing records demonstrate some duplication of effort as between Crook and Gillespie and some instances where three lawyers worked on the same project when two would have sufficed, the time sought for Gillespie will be reduced by an additional 15%

The entries for Cobb begin on August 14, 2012 and conclude on November 19, 2012. Attachment 2 at 155-173. The entries indicate that Cobb was added to the litigation team to assist in trial preparation. Attachment 2 at 155-157 and 162-164. She also worked on the reply to the

opposition to plaintiffs' motion for summary judgment.  Attachment 2 at 158.  Her activity concluded with work on the preparation of plaintiffs' motion for fees.  Attachment 2 at 171-173.

Cobb's entries illustrate adjustments made by plaintiffs in their fee application in the exercise of billing judgment.  Cobb's entries for August 14 to November 19 total at least 56.40 hours.  The plaintiffs seek an award based on 50.76 hours for Cobb.  11-737- Rec. doc. 259 at 13.  The difference is attributable, at least in part, to the across-the-board adjustment to Cobb's time as well as that of other Relman firm timekeepers.  Plaintiffs' submission indicates that a minor reduction of 0.30 hours was made to a Cobb entry on September 27, 2012 in response to an objection by the defendants.  Attachment 2 at 162.

The majority of Cobb's work was on the motion for fees.  Those entries do not indicate duplication of activity.  There is evidence of duplication of activity for preparation for trial and the reply to defendants' opposition to plaintiffs' motion for summary judgment.  For example, on August 19 and 20, both Cobb and Crook made similar entries for drafting and revising the trial and exhibit lists.  Attachment 2 at 157.  On August 24, 2012, Cobb, Cochran and Cook were all involved in the preparation of the reply.  Attachment at 158.

Because of the duplication of Cobb's activities on trial preparation and the reply to defendants' opposition, the time sought by Cobb will be reduced by an additional 10%.

The entries for Crook's activity begin on March 4, 2011 and end with the submission of the motion for fees on November 19, 2012.  Attachment 2 at 2 and 173.  As discussed above, the time sought for Gillespie and Cobb was reduced because of the duplication of effort with Crook.  As discussed below, the time sought for Cochran is reduced because of the duplication of effort with Crook.  Because of these adjustments to the timekeepers working with Crook, no adjustment is

required to Crook's time.

    3.  <u>Civil Rights Fellows and Summer Associates</u>.

  The plaintiffs seek to recover time spend by two Civil Rights Fellows, Carrie Pagnucco (17.90 hours) and Shaylyn Cochran (196.0 hours), and one summer associate, Chloe Holzman (19.60 hours).

  Most of Pagnucco's work was on a memo concerning sanctions, state court issues and the Anti-Injunction Act, 28 U.S.C. § 2283. The memo was prepared after the Chateau Lafitte state court action was filed. Attachment 2 at 3-6. The District Judge denied the plaintiffs' motion to stay the state court proceedings and found that none of the exceptions to the Anti-Injunction Act applied. In those circumstances, the time billed for Pagnucco should be written off. It will be excluded from the lodestar.

  Cochran's entries begin on September 20, 2011 and end on August 30, 2012. Attachment 2 at 91 and 159. The billing records indicate some duplication in the activity for Cochran and Crook. Some examples are:

   9/22/11   Cochran and Crook both did legal research on a motion to strike jury demand. Attachment 2 at 91.

   10/3/11   Cochran and Crook worked on a notice of compliance. Attachment 2 at 94.

   10/25/11   Cochran and Crook participated in a telephone conference with client concerning Dr. Lamanna's ninth report. Attachment 2 at 103.

   11/14/11   Cochran and Crook worked on an opposition to application to stay. Attachment at 113.

   3/2/12   Cochran and Crook drafted a second amended complaint. Attachment at 136.

14

7/6/12          Cochran and Crook drafted and edited a motion for summary judgment.

                         Attachment at 149.

Cochran's entries also demonstrate substantive activity on behalf of the plaintiffs which is not duplicative of work performed by other timekeepers at the Relman firm.  Cochran's hours will be reduced by 35% to eliminate the duplicate activity.

Holzman's entries reflect activity from May 30 through June 10, 2011.  Attachment 2 at 41-48.  The work was in preparation for the June 2-3 evidentiary hearing or work done after the hearing but related to it.  There will be no reduction in the hours sought for Holzman.

          4.      Paralegals.

"[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."  Missouri v. Jenkins by Agyei, 491 U.S. 274, 109 S.Ct. 2463, 2472, n.10 (1989).

Defendants contend that 236.50 hours spent by paralegals to manage pleadings, update pleadings and document binders should be eliminated as clerical or administrative work.[5]  Plaintiffs respond that the requested paralegal time is reasonable.  They urge that there was no duplication of effort in that the paralegal's cite-checking and proofing of a pleading are compensable paralegal tasks and different from the substantive revision work performed by an attorney.  Plaintiffs also contend the Court previously awarded paralegal time spent on managing pleadings.

The billing records indicate many entries by paralegals for managing and organizing files.

---

     [5] Defendants report the value of this time is $28,381.50.  See item #5 on page 8 of Rec. doc. 258. The hourly rate sought for the paralegals is $120 hour.  Rec. doc. 257 at 13.  The defendants seek to eliminate 236.50 hours ($28,318.50 divided by $120.00).

Some of these are purely clerical tasks.  Others were performed in conjunction with the preparation for evidentiary hearings.  The latter tasks are of the kind associated with paralegal activity.  If they were not performed by the paralegal, they would be performed by an associate attorney.  For such tasks, use of a paralegal is efficient.

Examples of clerical tasks are entries for Solorzano on November 30, 2011 for 0.20 (12 minutes) and December 5, 2011 for 0.10 (6 minutes).  Attachment 2 at 120.  Similar entries are found for Wilkinson on September 4 and 5, 2012.  Attachment 2 at 160.  For some entries, it is impossible to determine exactly how much time was associated with the managing and organizing files as it was part of a larger description.  See Solorzano's entry on June 16, 2011 for  2.00 hours which included a conference with Gillespie concerning a request for transcript, drafting a letter to a court reporter, and management and organization of case files.  Attachment 2 at 52.  The Court has overruled defendants' objection to block billing.

Examples of paralegal tasks include Levenson's entry of May 28, 2011 for managing, organizing hearing exhibits and creating exhibit binders in preparation for the June 2-3, 2011 evidentiary hearing.  Attachments 2 at 40.

The Court's review of the Relman's firm paralegal entries demonstrates that the time sought for the paralegals should be reduced by 25% for clerical work.

b.    Munsch Hardt firm.

Roossien, a partner in Munsch Hardt, states that:  (1) in April 2011, he assigned Brian DeVoss, an associate attorney, as the primary liaison to the Relman firm and Provident; (2) Roossien, Bob Voelker and William Moore continued to assist as needed; and (3) Roossien was extensively involved in witness preparation for the June 2011 hearings.  CA 11-737 at Rec. doc. 233

16

(Declaration of Dennis Roossien at para. 7).  There is no mention of Theriot in the November 19, 2012 Roossien declaration.  Theriot became involved during the preparation of the Munsch Hardt portion of the fee application.  For example, on November 5 and 6, 2012, there are entries for Theriot's work on the fee application.  Attachment 2 at 168.

The undersigned's review of the time records demonstrates duplication of effort within the Munsch Hardt firm.  The time spent by Roossien and DeVoss was reasonably expended by them in connection with the construction and related issues.  Considering the District Judge's May 31, 2011 requirement for testimony from all individuals involved with the contested inspections and construction issues at the June 2, 2011 evidentiary hearing (06-7185 - Rec. doc. 583), it was reasonable for two of the Munsch Hardt firm attorneys to attend the hearing in addition to two attorneys from the Relman firm.  Because of the duplication of effort within the Munsch Hardt firm, the time for Voelker and Moore will be eliminated.  Theriot's time for the preparation of the motion for fees will be included.

       c.     <u>GNO</u>.

GNO submitted time for two timekeepers:  Morgan Williams and Aurora Bryant.  In the November 20, 2012 application, plaintiffs submitted affidavits from Williams and Bryant.  All of the entries for Williams were in quarter hour increments.  11-737 at Rec. doc. 233 (Affidavit of Williams).  In <u>Cambridge Toxicology Group, Inc. v. Exnicios</u>, 495 F.3d 169, 181 (5th Cir. 2007), the Fifth Circuit affirmed a reduction for billing judgment because of rounding up to quarter hour increments.  The 22 hours sought for Williams will be reduced by 10% to 20.00 hours.  Bryant's November 14, 2012 affidavit indicates that all of her entries were in tenths of an hour.  11-737 at Rec. doc. 233 (Affidavit of Aurora Bryant).

The Court's review of the entries demonstrates that, but for the issue with quarter hour billing segments, the GNO time was reasonably expended in its role as local counsel.

**3.    <u>Billing judgment</u>.**

In prior reports and recommendations, reductions were imposed on the time sought because there was insufficient billing judgment. <u>See</u> 06-7185 - Rec. docs. 381 at 14-29 and 991 at 9-12. In accord with the Court's order (11-737 - Rec. doc. 248), the plaintiffs submitted a supplemental memorandum in support of their motion for attorneys' fees with a reorganized exhibit supporting the request for fees (Rec. doc. 257 [Attachment 1]).   The reorganized exhibit was further revised in response to defendants' response. <u>See</u> Rec. doc. 259 (Attachment 2) .  The plaintiffs' supplemental memorandum and supplemental reply demonstrate plaintiffs' exercise of billing judgment.  11-737 - Rec. doc. 257 at 5-12 and Rec. doc. 259 at 3-4.  But for the adjustments described above, no further adjustment to the time sought is required in the exercise of billing judgment.

Plaintiffs' submission in support of the application for fees includes time spent on the preparation of the motion for fees.  The last entries are on November 19, 2012.  Attachment 2 at 173. Subject to the adjustments described above, time sought for the preparation of the November 20, 2012 motion for fees is included in the lodestar.

Plaintiffs report that they will not seek additional attorneys' fees for preparing the December 2012 reply and the supplemental submission.  11-737 - Rec. doc. 257 at 6, n. 2.  The undersigned determined that the documentation submitted in support of the November 20, 2012 motion for fees was deficient.  11-737 - Rec. doc. 248.  Because plaintiffs will not seek additional attorneys' fees for the preparation of the supplemental submission, there is no need to consider an adjustment to the time sought for the preparation of the November 20, 2012 motion.  Such an adjustment is accounted

18

for by the decision of plaintiffs to forgo a further application for attorneys' fees incurred since November 20, 2012.  Accordingly, this is the last fee application the Court will consider in this matter.  Thus, the summary of the hours reasonably expended is as follows:

**The Relman Firm**

| Name | Position | Hours | Adjustment | Amount in Lodestar |
|------|----------|-------|------------|--------------------|
| Relman | Partner - Attorney | 270.00 | None | 270.00 |
| Gillespie | Associate - Attorney | 324.50 | (48.50) | 276.00 |
| Cobb | Associate - Attorney | 50.80 | (4.80) | 46.00 |
| Crook | Associate - Attorney | 808.00 | None | 808.00 |
| Cochran | Fellow - Attorney | 196.0 | (69.0) | 127.00 |
| Pagnucco | Fellow - Attorney | 17.90 | (17.90) | Zero |
| Holzman | Summer Clerk | 20.00 | None | 20.00 |
| Hill | Paralegal | 199.60 | (49.60) | 150.00 |
| Levenson | Paralegal | 146.00 | (36.00) | 116.00 |
| Solorzano | Paralegal | 253.40 | (63.40) | 190.00 |
| Wilkinson | Paralegal | 88.00 | (22.00) | 66.00 |

**Munsch Hardt Firm**

| Name | Position | Hours | Adjustment | Amount in Lodestar |
|------|----------|-------|------------|--------------------|
| Roossien | Shareholder - Attorney | 81.00 | None | 81.00 |
| Voelker | Shareholder - Attorney | 21.20 | 21.20 | Zero |
| Moore | Shareholder - Attorney | 23.80 | 23.80 | Zero |
| DeVoss | Sr. Associate - Attorney | 282.00 | None | 282.00 |
| Theriot | Attorney | 19.00 | None | 19.00 |

19

**GNO**

| Williams | Attorney | 22.00 | 2.00 | 20.00 |
|---|---|---|---|---|
| Bryant | Attorney | 14.50 | None | 14.50 |

**4.**     **Reasonable hourly billing rate**.

The hourly rates employed in the August 12 report and recommendation will be employed in this determination of the lodestar.  06-7185 - Rec. doc. 991 at 12-15.  The time period at issue in that report and recommendation is the same as a substantial portion of the time period at issue in this determination of the lodestar.  For the reasons stated in the August 12 report and recommendation, the Washington, D.C. rates for the Relman Firm will be employed.  Cobb did not have any entries for the August 12 report and recommendation.  The plaintiffs request an hourly rate of $400 per hour for Cobb for this determination of the lodestar.  This will be reduced to $350.00 per hour, the rate for Crook as the responsibilities of Crook and Cobb were substantially the same.

With these rates, the lodestar is:

| Name | Position | Hours | Rate | Amount in Lodestar |
|---|---|---|---|---|
| Relman | Attorney | 270.00 | 625.00 | 168,750.00 |
| Gillespie | Attorney | 276.00 | 415.00 | 114,540.00 |
| Cobb | Attorney | 46.00 | 350.00 | 16,100.00 |
| Crook | Attorney | 808.00 | 350.00 | 282,800.00 |
| Cochran | Attorney | 127.00 | 275.00 | 34,925.00 |
| Pagnucco | Attorney | Zero | | |
| Holzman | Summer Clerk | 20.00 | 250.00 | 5,000.00 |
| Hill | Paralegal | 150.00 | 120.00 | 18,000.00 |

20

| | | | | |
|---|---|---|---|---|
| Levenson | Paralegal | 116.00 | 120.00 | 13,920.00 |
| Solorzano | Paralegal | 190.00 | 120.00 | 22,800.00 |
| Wilkinson | Paralegal | 66.00 | 120.00 | 7,920.00 |
| Roossien | Attorney | 81.00 | 250.00 | 20,250.00 |
| Voelker | Attorney | Zero | | |
| Moore | Attorney | Zero | | |
| DeVoss | Attorney | 282.00 | 175.00 | 49,350.00 |
| Theriot | Attorney | 19.00 | 135.00 | 2,565.00 |
| Williams | Attorney | 20.00 | 175.00 | 3,500.00 |
| Bryant | Attorney | 14.50 | 170.00 | 2,465.00 |
| | Lodestar | | | $762,885.00 |

## 5.   **Adjustment for Johnson factors**.

For the reasons described in the August 24, 2012 report and recommendation, there is no adjustment for the Johnson factors.  06-7185 - Rec. doc. 991 at 15-17.

## C.   **Costs**

In the November 2012 motion, plaintiffs requested costs of $34,612.72.  Rec. doc. 233 (Relman Declaration at para. 84).  In their opposition, defendants did not present any arguments concerning the costs sought by plaintiffs.  Rec. doc. 242.  Defendants' supplemental opposition is also silent on the issue of costs.  Rec. doc. 258.  For the reasons stated in the August 24, 2012 report and recommendation, plaintiffs are entitled to an award of reasonable costs.  06-7185 - Rec. doc. 991

at 17-20.[6]

Without opposition and after review, the undersigned finds the costs sought are reasonable.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.    Plaintiffs' motion for award of attorneys' fees and costs (Rec. doc. 233) be GRANTED in

PART and DENIED in PART.

2.    Plaintiffs be awarded attorneys' fees of $762,885.00

3.    Plaintiffs be awarded costs of $34,612.72.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) calendar

days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by


the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 13th day of November, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[6] Approximately half of the costs sought by the plaintiffs are for their share ($17,337.50) of the cost of the Dr. Lamanna, the construction expert appointed by the District Judge.  Rec. doc. 233 (Relman Declaration at para. 85). The next largest item is $10,430.51 for travel.  Id. at para. 91. There were four hearings (two in June, one in November and the final one in December) that counsel were required to attend.  The travel costs are reasonable.  The remaining costs, approximately $6,845.00, are reasonable and consistent with costs previously awarded in this matter.